IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00899-MSK-KLM

MARK A. HILDEBRAND; and
MARK L. HILDEBRAND,

      Plaintiffs,

v.

NATIONAL FIRE & MARINE INSURANCE COMPANY;
NEW VISTA HOMES II, LLC; and
RICHARD M. REEVES, individually,

      Defendants.

---

**ORDER DENYING MOTION TO REALIGN,
GRANTING IN PART MOTION TO REMAND, AND
DENYING AS MOOT MOTION FOR LEAVE TO FILE AFFIDAVIT**

---

**THIS MATTER** comes before the Court on (1) Defendant National Fire & Marine Insurance Company's ("National Fire") Motion to Realign the Parties **(#6)**, to which the Plaintiffs responded **(#24)**, and National Fire replied **(#34)**; (2) the Plaintiffs' Motion to Remand **(#22)** and supporting brief **(#23)**, joined by Defendant New Vista Homes II, LLC ("New Vista") **(#27)**, to which National Fire responded **(#36)**, and the Plaintiffs **(#37)** and New Vista **(#38)** replied; and (3) the Plaintiffs' Motion for Leave to File Attorney Fee Affidavit **(#40)**, to which National Fire responded **(#41)**, and the Plaintiffs replied **(#42)**. Having considered the same, the Court **FINDS** and **CONCLUDES** that

### I. Jurisdiction

Subject matter jurisdiction is contested and is a topic of the instant motions. Therefore,

the Court exercises its inherent jurisdiction to determine its own jurisdiction, *see United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."), and, if subject matter jurisdiction is found, exercises jurisdiction pursuant to 28 U.S.C. § 1332(a).

## II. Material Facts

This is an insurance coverage dispute regarding a new home purchased by the Plaintiffs in 2003. In 2006, the Plaintiffs brought suit in Colorado state court against New Vista and Defendant Richard M. Reeves, a principal of New Vista, for construction defects in the home. The Plaintiffs' claims against Mr. Reeves were dismissed pursuant to a motion for a directed verdict during trial. That ruling is on appeal with the Colorado Court of Appeals. The Plaintiffs ultimately prevailed on their claims against New Vista and judgment was entered against New Vista for approximately $540,000.

The Plaintiffs subsequently initiated the current action in Jefferson County District Court against National Fire, New Vista, and Mr. Reeves seeking (1) a declaration that National Fire was obligated to pay the judgment and (2) damages against National Fire for breach of contract for failing to pay the judgment in a timely fashion. National Fire removed to this Court in April 2009.

## III. Issue Presented

National Fire removed this case from the Jefferson County District Court, Colorado asserting diversity jurisdiction. Such jurisdiction is dependent upon the granting of National Fire's Motion to Realign the Parties such that it is the sole defendant and all other parties are co-plaintiffs. Thus, the issue before the Court is whether such realignment is proper and whether,

after realignment, removal to this court was proper.

### IV.  Analysis

Pursuant to Article III of the United States Constitution, Congress vested jurisdiction in the federal courts over controversies between citizens of different states.  *See Gadlin v. Synbron Int'l Corp.*, 333 F.3d 797, 799 (10th Cir. 2000).  The diversity statute provides that federal courts shall have original jurisdiction over claims for which the amount in controversy exceeds $75,000 and the dispute is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).  Courts consistently interpret the requirement of diversity to mean complete diversity between the parties, *i.e.*, no plaintiff is a citizen of the same state as any defendant.  *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  For individuals, citizenship under the diversity statute is determined by domicile.  *See Crowley v. Glax*, 710 f.2d 676, 678 (10th Cir. 1983).  A corporation, however, is deemed citizen of the state in which it is incorporated and, if different, the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).

In this case, there is no dispute that there is not currently complete diversity between the parties: the Plaintiffs, on one side, and New Vista and Mr. Reeves, on the opposing side, are all citizens of Colorado while National Fire is a citizen of Nebraska.  National Fire, however, argues that the Court should realign the parties to reflect the true interests of the parties thereby creating complete diversity.  Specifically, National Fire contends that New Vista and Mr. Reeves should be realigned as plaintiffs in this action as their interests are more properly aligned with the Plaintiffs' interests in having National Fire pay the judgment.  The Plaintiffs, New Vista, and Mr. Reeves all oppose realignment.

The Supreme Court has noted that diversity jurisdiction is not dependent upon how the

parties themselves set up the lawsuit. *See Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). Rather, a federal court has a duty to "'look beyond the parties' pleadings and arrange the parties according to their sides in the dispute.'" *See id.* (quoting *Dawson v. Columbia Trust Co.*, 197 U.S. 178, 180 (1905)). To determine the proper alignment of the parties, a court examines the "principal purpose of the suit" and the "primary and controlling matter in dispute." *See id.* (citing *East Tenn. V. & G. R.R. v. Grayson*, 119 U.S. 240, 244 (1886) and *Merchants' Cotton Press & Storage Co. v. Insurance Co. of N. Am.*, 151 U.S. 368, 385 (1894)).

Here, National Fire argues that because both the Plaintiffs and New Vista and Mr. Reeves, as the insureds, would benefit if National Fire were declared liable for the underlying judgment against New Vista, all of these parties should be plaintiffs in this case. In support, National Fire cites to a District of Kansas case, *Liebau v. Columbia Casualty Co.*, 176 F.Supp.2d 1236 (D. Kan. 2001), in which the court realigned the parties to an insurance dispute to establish diversity jurisdiction. In *Liebeu*, the underlying litigation involved a class claim against the owners of a holding company for fraudulent securities transactions. Prior to a judgment in the underlying litigation, the owners of the holding company, as the insureds, sued their own insurance company and the class claimants for a declaration that the insurer was obligated to provide coverage *and* a defense for the claims asserted in underlying class litigation. The class claimants filed a cross-claim against the insurer seeking a declaration that the insurer was obligated to provide coverage should it be determined that the insureds were liable. The Court concluded that realignment was proper such that the class claimants and the insureds were aligned as plaintiffs in the declaratory judgment action.

The factual and procedural differences between *Liebau* and this case, however,

highlight the reasons why realignment is not appropriate under the circumstances present here. In *Liebau*, it was the insureds who initiated the action against their insurer, whereas here the initiating party is the judgment creditor, essentially a third-party beneficiary. Furthermore, the third party beneficiaries in *Liebau* asserted a cross-claim against the insurer seeking essentially the same relief as that sought by the insureds. Thus, in *Liebau* it was clear that the insureds and the third-party beneficiaries' interests were aligned against the insurer.

Here, however, the judgment creditor, the insured, and Mr. Reeves oppose realignment claiming different interests. There may be many reasons for this. For example, an insured may not wish to make a claim against its insurer for a judgment or in which there remains a dispute between the judgment creditor and the judgment debtor. In this case New Vista and Mr. Reeves have not sought nor consented to realignment of the parties, instead indicating that they have remaining disputes with National Fire. The Court is disinclined to order an insured to pursue not only an insurance claim against its insurer but also a legal claim for a declaratory judgment.

The current action can be further distinguished from *Liebau* by the fact that the action in *Liebau* was brought by the insureds/plaintiffs prior to entry of a judgment and sought both a declaration of liability and of the duty to defend. In this case, because the underlying litigation has already concluded and the Plaintiffs obtained a judgment against New Vista, National Fire's duty to defend is no longer at issue. Indeed, as noted *supra*, various disputes may remain between the parties and entry of judgment does not necessarily lead to an insured wishing to make a claim against its insurer. Thus, the Court declines to realign the parties in this action, especially over the objection of New Vista and Mr. Reeves, as the insureds. As such, because there is not complete diversity between the parties, this Court lacks subject matter jurisdiction

and the case must be remanded to the state court.[1]

In the Motion to Remand, the Plaintiffs seek an award of the costs associated with the remand. Under 28 U.S.C. § 1447(c), an order remanding a case may include an award of costs and any actual expenses, including attorney fees, that were incurred as a result of the removal. Whether an award of costs is appropriate is left to the sound discretion of the district court. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The Court is guided, however, by the standards articulated by the Supreme Court. Awards of costs and fees are not appropriate merely because removal is ultimately determined to be improper. Instead, costs are only appropriate if the removing party lacked an "objectively reasonable basis" for removing the case. Although a showing of bad faith is not necessary, a showing that removal was improper *ab initio* is required. *See Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).

Here, although the Court ultimately declines to realign the parties and, therefore, concludes that removal is not proper, it cannot say that the removal was objectively unreasonable *ab initio*. National Fire noted the lack of complete diversity when it removed the action but sought to remedy this defect by contemporaneously moving to realign the parties. Its motion to realign was not without legal basis. Thus, the Court declines to award costs and fees to the Plaintiffs.[2]

---

[1] As the Court has determined that remand is proper based on lack of complete diversity, it need not address the Plaintiffs' other arguments for remand: (1) National Fire failed to obtain the consent of its co-defendants, New Vista and Mr. Reeves, prior to removal; (2) the Service of Suit clause in the insurance contract between New Vista and National Fire prohibits National Fire from removing the action; and (3) the Court should exercise its discretion and decline jurisdiction over these claims.

[2] Although it was not necessary to consider the Plaintiffs' other arguments for remand, such arguments bear upon whether National Fire's removal was objectively unreasonable *ab initio*. Without resolving such issues the Court finds that the removal was not objectively unreasonable. First, because National Fire sought realignment of the parties, its failure to obtain the consent of New Vista and Mr.

**IT IS THEREFORE ORDERED** that

(1)   National Fire's Motion to Realign the Parties **(#6)** is **DENIED**.

(2)   The Plaintiffs' Motion to Remand **(#22)** is **GRANTED IN PART** insofar as it seeks remand to Jefferson County District Court and **DENIED IN PART** insofar as it seeks an award of costs and fees.

(3)   The Plaintiffs' Motion for Leave to File Attorney Fee Affidavit **(#40)** is **DENIED AS MOOT**.

(4)   This case is remanded to the Jefferson County District Court, Colorado.

Dated this 3rd day of February, 2010

           **BY THE COURT:**

*Marcia S. Krieger*
_____

           Marcia S. Krieger
           United States District Judge

---

Reeves prior to removal did not make the removal objectively unreasonable. Second, National Fire has a legitimate argument that the Service of Suit clause does not bar it from removing an action filed by a third-party beneficiary. Finally, whether a court ultimately exercises its discretion to decline jurisdiction does not affect whether removal was unreasonable *ab initio*.